# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MALIK ROBINSON

          Petitioner,        :    Case No. 3:16-cv-452

    - vs -                           District Judge Walter Herbert Rice
                                     Magistrate Judge Michael R. Merz

STATE OF OHIO,

                                  :

          Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases. Mr. Robinson, with the assistance of counsel and by his mother and next friend, pleads the following Grounds for Relief:

> **Ground One:** Ineffective assistance of counsel for failure to lay a proper foundation at trial which would allow the introduction of extrinsic evidence for a prior inconsistent statement to impeach the alleged victim.
>
> **Supporting Facts:** Trial court [sic; presumably "counsel" is intended] failed to set up a proper foundation for testimony for Malik's mother, Meia Robinson and Reverend Arvin Ritley. Both individuals testified to a prior inconsistent statement made by the victim, Mr. Webb about the distance at which Malik was from the crime when it took place. The State's motion to strike their testimony for lack of a foundation was granted. Additionally, the testimony of Missy Rice was stricken from the record for the same reason.
>
> **Ground Two:** Sixth Amendment right to confront accuser's prior to inconsistent statement.
>
> **Supporting Facts:** The Judge's ruling to strike the testimony of Meia Robinson, Reverend Ritley and Missy Rice violated my Sixth

1

> Amendment right to confront the prior inconsistent statement made
> by the victim, Mr. Webb.

(Petition, ECF No. 1.)

**Procedural History**

Petitioner was indicted by the Montgomery County grand jury on a charge of aggravated robbery with a deadly weapon in violation of Ohio Revised Code § 2911.01(A)(1).  Having waived a jury, he was convicted after a bench trial in Montgomery County Case No. 2014 CR 02250.  He appealed to the Second District Court of Appeals which affirmed the conviction. *State v. Robinson*, 2015-Ohio-1167, 2015 Ohio App. LEXIS 1149 (2nd Dist. Mar. 27, 2015), appellate jurisdiction declined, 143 Ohio St. 3d 1500 (2015).  Robinson initiated no post-conviction proceedings in the Ohio courts, but timely filed this habeas petition on October 28, 2015.

On his direct appeal to the Second District, Robinson raised the following assignments of error:

> THE EVIDENCE WAS INSUFFICIENT TO FIND THAT MR. ROBINSON AIDED OR ABETTED AGGRAVATED ROBBERY.
>
> MR. ROBINSON'S CONVICTION FOR AIDING OR ABETTING AGGRAVATED ROBBERY WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE.
>
> THE TRIAL COURT ERRED BY PROHIBITING MR. ROBINSON FROM ASKING QUESTIONS OR INTRODUCING TESTIMONY IMPEACHING THE TESTIMONY OF THE ALLEGED VICTIM.

2

Robinson does not pursue a sufficiency of the evidence claim in this habeas corpus case and a manifest weight claim is not cognizable in habeas corpus. The only assignment of error raised on direct appeal that is relevant to the claims made here was trial court error in prohibiting impeachment by extrinsic evidence. The third assignment of error was not presented to the Second District as a federal constitutional claim or decided by it on that basis. Instead, the Second District considered the claim as one made under the Ohio Rules of Evidence and relied on Ohio R. Evid. 613(B) to overrule the claim because trial counsel had not laid a proper foundation by having the victim deny the prior statement. *State v. Robinson*, *supra*, ¶¶ 24-30.

Mr. Robinson raises two federal constitutional claims in this proceeding, ineffective assistance of trial counsel and denial of an opportunity to confront his accusers, both in violation of the Sixth Amendment. However, these two claims were never made in the Ohio courts and are thus barred by Robinson's procedural default in presenting them.

First of all, Robinson did not raise ineffective assistance of trial counsel as an assignment of error on direct appeal. Although claims of ineffective assistance of trial counsel can be raised in a post-conviction petition under Ohio Revised Code § 2953.21, they are barred from such a proceeding if they could have been raised on direct appeal and were not. *State v. Perry*, 10 Ohio St. 2d 175 (1967). Trial counsel's failure to lay the foundation required by Ohio R. Evid. 613(B) was evident on the face of the record, so it was required to be brought on direct appeal, but was not. It would therefore be barred by res judicata in a § 2953.21 proceeding *Perry*, *supra*.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted
> his federal claims in state court pursuant to an
> adequate and independent state procedural rule,
> federal habeas review of the claims is barred unless

> the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160

(6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).

Ohio's doctrine of res judicata in criminal cases, enunciated in *Perry,* is an adequate and independent state ground of decision.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Robinson's second ground for relief – denial of constitutional confrontation rights – is also barred by procedural default in failing to fairly present it as a constitutional claim to the Second District.  The Second District's opinion shows the assignment of error was presented as an abuse of discretion or trial court error in excluding evidence; the Confrontation Clause is no part of the third assignment of error.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied*, 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99 (1995); *Riggins v. McMackin*, 935 F.2d 790, 792 (6th Cir. 1991).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

Alternatively, aside from the procedural default, Robinson's Second Ground for Relief is without merit. A federal habeas court can grant relief only if the relevant state court decision is contrary to or an objectively unreasonable application of United States Supreme Court precedent. *Williams (Terry) v. Taylor*, 529 U.S. 362 (2000). Even assuming that we were to consider the Confrontation Clause claim as fairly presented by the third assignment of error on direct appeal, the Second District's decision of the assignment is neither contrary to nor an objectively unreasonable application of Supreme Court precedent.

The Confrontation Clause does not override all limitations on cross-examination arising from state evidence law. Subsequent to *Davis v. Alaska*, the Supreme Court has held "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986). The Sixth Circuit has held "[t]his includes discretion to impose limits based on concerns about harassment, prejudice, confusion of the issues, witness safety, or interrogation that is repetitive or only marginally relevant. *Boggs v. Collins*, 226 F.3d 728, 736 (2000), *citing Van Arsdall* and *King v. Trippett*, 192 F.3d 517, 524 (6th Cir. 1999)." The Magistrate Judge is unaware of any Supreme Court precedent finding unconstitutional the foundation requirements for introduction of extrinsic evidence of prior inconsistent statements. Indeed, the same requirements found in Ohio R. Evid. 613(B) are also present in Fed. R. Evid, 613(b) which codifies long-standing federal practice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, the Court should also deny any requested certificate of appealability and certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 31, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).